## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| LENKA KNUTSON and<br>SECOND AMENDMENT FOUNDATION,<br>INC., | )<br>)<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )   Case No. |
| | ) |
| CHUCK CURRY, in his official capacity as<br>Sheriff of Flathead County, Montana, | )<br>)<br>) |
| Defendant. | )<br>) |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, LENKA KNUTSON and SECOND AMENDMENT FOUNDATION, INC. (hereinafter "SAF"), by and through undersigned counsel, as and for their Complaint against Defendant CHUCK CURRY, in his official capacity as Sheriff of Flathead County, Montana, allege as follows:

## INTRODUCTION

1.     This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Montana's prohibition on otherwise qualified non-U.S. citizens who legally reside in Montana from obtaining a concealed carry permit, pursuant to § 45-8-321(1) of the Montana Code Annotated (hereinafter "M.C.A.").

2.     The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S. 570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3.     However, the laws of Montana prohibit resident legal aliens from obtaining a license for the concealed carry of guns, in public, for the purpose of self-defense. In Montana, only citizens may have the benefit of obtaining a license for armed defense by concealed carry.

4.     Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's ban on non-citizens obtaining a concealed carry license, unconstitutional. As the Plaintiffs only seek to be treated the same as law-abiding citizens, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendant as he executes, administers and enforces the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6.     This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Montana and/or within the geographic confines of the State of Montana.

7.     Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendants execute, administer, and enforce the complained-of laws against Plaintiffs in this

District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

8.    Plaintiff Lenka Knutson is 34 years old, and a citizen of Slovakia residing with her husband and two children in Whitefish, Montana, and who has done so since 2005. Lenka received her permanent resident visa (a/k/a "green card") in 2005.  Lenka has been employed as a bank teller (Operations) supervisor for a bank in Whitefish, Montana since 2007. In sum, she has many solid connections to the State of Montana and the Whitefish area, including her husband and children who reside with her in the area.

9.    Lenka is allowed to possess a concealed firearm in Montana only on her own premises, and is prohibited by M.C.A. § 45-8-321(1) from obtaining a concealed carry permit, and thus carrying a handgun in a concealed manner for self-defense.

10.    Lenka would carry a loaded and functional concealed handgun in public in a concealed manner for self-defense, but refrains from doing so because she fears arrest, prosecution, fine, and imprisonment as she understands it is unlawful for a non-citizen to carry a concealed handgun in Montana.

11.    Though there are certain circumstances where Lenka is allowed to openly carry a firearm in public for self-defense purposes, there are many locations

and circumstances where doing so are illegal, and other circumstances were doing so is neither feasible nor preferred.

12.     In June, 2014, Lenka went to the Flathead County Sheriff's Office to apply for a concealed carry permit even though she is not a citizen. After she filled out the application, she was told she was not allowed to apply, and her application would be denied, since she was a permanent resident and not a citizen.  Therefore, she was told by the Sheriff's Office, she did not qualify to obtain a concealed carry permit in the State of Montana.  Therefore, Lenka's attempt to apply for a concealed carry permit was denied.

13.     SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes lawfully admitted aliens residing in Montana. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right privately to own and possess firearms. SAF brings this action on behalf of itself and its members.

14.     Members of SAF who are legal residents yet non-citizens would carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they understand it is impossible for a non-citizen to obtain a concealed carry permit, and thus it is unlawful for a non-citizen to carry a concealed handgun in Montana and fear arrest, prosecution, fine, and imprisonment.

15.     Lenka is a member of SAF.

- 4 -

## DEFENDANT

16.     Defendant Curry is the Sheriff of Flathead County, Montana. In Curry's official capacity, he is responsible for enforcing certain of Montana's laws, customs, practices, and policies, specifically including M.C.A. § 45-8-321(1).  In that capacity, Curry is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, Curry is the authority charged with processing and issuing concealed carry permit applications in Flathead County, Montana, where Lenka resides. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

17.     The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

18.     The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

19.     Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW

20.     M.C.A. § 45-8-321 provides in pertinent part:

- 5 -

> (1)     A county sheriff shall, within 60 days after the filing of an application, issue a permit to carry a concealed weapon to the applicant. The permit is valid for 4 years from the date of issuance. **An applicant must be a United States citizen** . . . . (Emphasis added.)

M.C.A. § 45-8-321(1).  *See also* M.C.A. § 45-8-322.

21.     M.C.A. § 45-8-316, 317, in relevant part, prohibits one from willfully and intentionally carrying concealed about his/her person a concealed pistol or gun unless the person is on his/her own premises or place of business, or the person is carrying a concealed handgun while possessing a concealed handgun permit and carrying said handgun within the scope of the permit.

22.     M.C.A. § 45-8-316 states, in relevant part:

> (1) A person who carries or bears concealed upon the individual's person a . . .  pistol, revolver, . . . or other deadly weapon shall be punished by a fine not exceeding $500 or by imprisonment in the county jail for a period not exceeding 6 months, or both.

> (2) A person who has previously been convicted of an offense, committed on a different occasion than the offense under this section, in this state or any other jurisdiction for which a sentence to a term of imprisonment in excess of 1 year could have been imposed and who carries or bears concealed upon the individual's person any of the weapons described in subsection (1) shall be punished by a fine not exceeding $1,000 or be imprisoned in the state prison for a period not exceeding 5 years, or both.

23.     Further, M.C.A. § 45-8-330 provides that "A person possessing a concealed weapon permit is: (1) considered to have a permit constituting completion of the background check required by 18 U.S.C. 921 through 925A; and (2) exempt from that act's 5-day waiting period for the purchase of a handgun."  This benefit is

likewise denied to qualified Montana residents whose only ineligibility is their lack of U.S. citizenship.

### COUNT I - VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. 1981(a), 1983)

24.     Paragraphs 1 through 23 are realleged and incorporated herein by reference.

25.     The citizenship requirement contained in M.C.A. § 45-8-321(1), and all other Montana statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, are unconstitutional denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

### COUNT II— VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

26.     Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27.     The citizenship requirement contained in M.C.A. § 45-8-321(1), and all other Montana statutory language, which restrict lawfully admitted aliens the rights and privileges of carrying concealed firearms based on citizenship, on their face and as applied, violate the Plaintiffs' individual right to possess and carry a handgun for self-defense as secured by the Second Amendment to the United States Constitution.

## FOR ALL COUNTS

28.     Paragraphs 1 through 27 are realleged and incorporated herein by reference.

29.     A controversy exists as to whether the citizenship requirement contained in M.C.A. § 45-8-321(1) is unconstitutional.

30.     A declaration from this Court would settle this issue.

31.     A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

32.     The Plaintiffs seek a declaration that the citizenship requirement contained in M.C.A. § 45-8-321(1) is unconstitutional.

33.     In the absence of an injunction, the citizenship requirements of M.C.A. § 45-8-321(1) would continue to be enforced and would prevent Lenka and SAF's lawfully admitted alien members residing in Montana, from (1) successfully obtaining a concealed carry permit and/or (2) legally carrying a handgun in a concealed manner that any otherwise-qualified citizens may possess and carry concealed in public.

34.     The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

35.     There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Lenka's, and SAF's lawfully admitted alien members the opportunity to obtain a permit to carry a handgun in a concealed manner for self-defense.

- 8 -

WHEREFORE, Plaintiffs pray that this Honorable Court:

1.      Issue preliminary and permanent injunctions (a) enjoining Defendant CHUCK CURRY, as Sheriff of Flathead County, Montana from enforcing the United States citizenship requirement of M.C.A. § 45-8-321(1) against the Plaintiffs and/or their members; and

2.      Enter the following:

(a)      A declaratory judgment that M.C.A. § 45-8-321(1), and all other Montana statutory language which restricts lawfully admitted aliens firearms rights and privileges based on citizenship, are null and void because they (1) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (ii) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; and

(b)      Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of M.C.A. § 45-8-321(1) and all other Montana statutory language, which restrict lawfully admitted aliens firearms rights and privileges based on citizenship.

3.      Award Plaintiffs' attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4.      Grant such other and further relief, in law and equity, as the Court

deems just and proper.

Dated: April 18, 2016                    Respectfully submitted,

                                 By:        /s/ David G. Sigale, Esq.
                                         One of the Attorneys for Plaintiffs

Lead Counsel                            Local Civil Rule 83.1(d) Counsel
David G. Sigale, Esq. (#6238103 (IL))   Quentin M. Rhoades, Esq. (# (MT))
LAW FIRM OF DAVID G. SIGALE, P.C.       Nicole L. Seifert, Esq. (# (MT))
799 Roosevelt Road, Suite 207           RHOADES SEIFERT, PLLC
Glen Ellyn, IL 60137                    430 North Ryman, 2nd Floor
Tel: 630.452.4547                       Missoula, MT 59802
Fax: 630.596.4445                       Tel. (406) 721-9700
dsigale@sigalelaw.com                   Fax. (406) 721-5838
                                        qmr@montanalawyer.com
                                        nicole@montanalawyer.com

                                        Attorneys for Plaintiffs