

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| LENKA KNUTSON and SECOND AMENDMENT FOUNDATION, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> CHUCK CURRY, in his official capacity as Sheriff of Flathead County, Montana, and TIM FOX, in his official capacity as Attorney General for the State of Montana, <br><br> Defendants. | CV 16–62–M–DWM <br><br><br> ORDER |

Defendants move to stay this matter through the current session of the Montana Legislature, or alternatively to stay the bench trial set for February 13, 2017, and instead have argument solely on the preliminary injunction motion on that date. (Doc. 39.) Defendants note that House Bill 273, currently pending at the Montana Legislature, will, if passed, amend Montana's concealed carry law to allow concealed carry permits to be issued to qualifying permanent lawful

-1-

residents in addition to the existing availability of such permits to qualifying citizens. (Doc. 40-1.) The amendment would presumably resolve the constitutional question at issue here. Plaintiffs do not object to a stay as long as a preliminary injunction is in place. (Doc. 41.)

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). While these factors, or some of them, are close calls, the parties agree that (1) the challenged statute, as applied to Knutson, is discriminatory in effect and purpose, (2) Knutson's equal protection right is being violated with the application of the statute to her, (3) it is unfair that Knutson continue to be denied a concealed carry permit based solely on her citizenship status, and (4) Knutson is likely entitled to a preliminary injunction. (Doc. 41.) Taken in conjunction with Plaintiffs' brief in support, (Doc. 33), preliminary injunctive relief is appropriate with regard to Plaintiff Knutson. Concerns of federalism and the separation of powers, especially as those principles are implicated by the legislative process of the state of Montana, make a facial injunction inappropriate. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 346 (1936) ("The Court will not pass upon the

constitutionality of legislation in a friendly, nonadversary, proceeding, declining because to decide such questions is legitimate only in the last resort, and as a necessity in the determination of real, earnest, and vital controversy between individuals." (Brandeis, J., concurring) (internal citation omitted)). "[A] friendly suit" is a substitute neither for the legislative process nor a vigorously argued case. *Id.* In this case, the legislative remedy acknowledges the majoritarian concerns of democratic process just as the existing law reflects that principle. The narrow question of the application of the current law to Knutson is overstated if a facial challenge to the statute is adopted.

Accordingly, IT IS ORDERED that Defendants are enjoined from enforcing the citizenship requirement of Mont. Code Ann. § 45-8-321(1) against Plaintiff Lenka Knutson.

IT IS FURTHER ORDERED that the trial in this matter set for February 13, 2017, is STAYED pending action in the 2017 Montana legislative session on House Bill 273, "An Act Revising Concealed Weapons Law; Providing that Permanent Lawful Residents Who Are Not Citizens of the United States May Apply for a Permit to Carry a Concealed Weapon; Amending Section 45-8-321, MCA; and Providing an Immediate Effective Date."

IT IS FURTHER ORDERED that the parties shall provide a status report

within 30 days of the resolution, by passage, death, or otherwise in the 2017 legislative session, of House Bill 273, and in any event no later than 30 days after the end of the legislative session.

IT IS FURTHER ORDERED that all remaining dates in the Scheduling Order (Doc. 30), including the trial date, are VACATED.

DATED this 25st day of January, 2017.

Donald W. Molloy, District Judge
United States District Court